1   ROBERT S. BLUMBERG, Bar No. 161649
    rblumberg@littler.com
2   LITTLER MENDELSON, P.C.
    2049 Century Park East, 5th Floor
3   Los Angeles, California 90067.3107
    Telephone:    310.553.0308
4   Fax No.:      310.553.5583

5   YESENIA GARCIA PEREZ, Bar No. 264880
    LITTLER MENDELSON, P.C.
6   ygarciaperez@littler.com
    Treat Towers
7   1255 Treat Boulevard, Suite 600
    Walnut Creek, CA 94597
8   Telephone:    925.932.2468
    Fax No.:      925.946.9809

9

10  Attorneys for Defendant
    UNITED SITE SERVICES OF CALIFORNIA, INC.

11

12                    UNITED STATES DISTRICT COURT

13                  NORTHERN DISTRICT OF CALIFORNIA

14

15  JOSE ROBERTO TORRES ESPINOZA, an      Case No.
    individual,
16                                         **DECLARATION OF YESENIA GARCIA**
                    Plaintiff,             **PEREZ IN SUPPORT OF DEFENDANT**
17                                         **UNITED SITE SERVICES OF**
           v.                              **CALIFORNIA INC.'S NOTICE OF**
18                                         **REMOVAL OF CIVIL ACTION TO**
    UNITED SITE SERVICES OF CALIFORNIA,    **FEDERAL COURT**
19  INC. a California corporation; and DOES 1
    through 20, inclusive                  **[28 U.S.C. §§ 1331, 1441 Federal Question]**
20  ,
                                           Complaint Filed: April 11, 2022
21                  Defendants.            (Sonoma County Superior Court
                                           Case No. SCV-270575)
22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

GARCIA PEREZ DECLARATION RE
DEFENDANT'S NOTICE OF REMOVAL OF
CIVIL ACTION TO FEDERAL COURT

## DECLARATION OF YESENIA GARCIA PEREZ

I, Yesenia Garcia Perez, hereby declare and state as follows:

1.      I am an attorney with the law firm of Littler Mendelson, a Professional Corporation, counsel for Defendant UNITED SITE SERVICES OF CALIFORNIA, INC. ("Defendant") in the above-entitled matter. I am duly licensed to practice law in the State of California and before the United States District Court for the Northern District and am one of the attorneys responsible for representing said Defendant in this action. Except where otherwise indicated, all of the information contained herein is based upon my personal knowledge and if called and sworn as a witness, I could and would competently testify thereto.  I make this declaration in support of Defendant's Notice of Removal of Civil Action to Federal Court under 28 U.S.C. sections 1331 and 1441.

2.      On or about April 11, 2022, Plaintiff Jose Roberto Torres Espinoza  ("Plaintiff") commenced the above-captioned civil action in Sonoma County Superior Court by filing a Complaint entitled *Jose Roberto Torres Espinoza v. United Site Services of California, Inc.*, docketed as Case No. SCV-270575. The Complaint alleges a cause of action for failure to pay overtime wages under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. section 201, *et seq.*  Plaintiff has also asserted a claim for liquidated damages pursuant to 29 USC §216 (Prayer for Relief ¶2); and attorneys' fees and costs pursuant to 29 USC §216 (Prayer for Relief ¶3).

3.      On April 18, 2022, Plaintiff served United Site Services of California, Inc. with the Summons, Complaint, Notice of Assignment of Judge for all Purposes, Notice of Case Management Conference Order, and ADR Information Packet. Attached hereto as **Exhibit A** are true and correct copies of all papers served on United Site Services of California, Inc.

4.      Defendant filed an Answer and Affirmative Defenses to Plaintiff's Complaint in the Superior Court for the State of California, Sonoma County, on May 10, 2022. A true and correct copy of Defendant's Answer and Affirmative Defenses is attached hereto as **Exhibit B.**

5.      Other than the court proceedings and documents attached to this declaration, I am not aware of any further proceedings or filings regarding this case in Sonoma County Superior Court. As of today, I am not aware of any other parties that have been named or validly served with the Summons and Complaint in this matter.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

2

GARCIA PEREZ DECLARATION RE
DEFENDANT'S NOTICE OF REMOVAL OF
CIVIL ACTION TO FEDERAL COURT

6.      Pursuant to 28 U.S.C. § 1446(d), written notice of this Notice of Removal from State Court to Federal Court will be filed contemporaneously with the Clerk of the Court of the California Superior Court, County of Sonoma, and a copy will be served on Plaintiff's counsel of record.

7.      Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury, under the laws of the United States, that the foregoing is true and correct, and that this declaration was executed on May 11, 2022 in Walnut Creek, California.

Dated: May 11, 2022

LITTLER MENDELSON, P.C.


/s/ YESENIA GARCIA PEREZ
ROBERT S. BLUMBERG
YESENIA GARCIA PEREZ

Attorneys for Defendant
UNITED SITE SERVICES OF CALIFORNIA, INC.

4888-8860-7263.1 / 085713-1061

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

3

GARCIA PEREZ DECLARATION RE
DEFENDANT'S NOTICE OF REMOVAL OF
CIVIL ACTION TO FEDERAL COURT

# EXHIBIT A

 **CT Corporation**

**Service of Process Transmittal**
04/18/2022
CT Log Number 541418339

**TO:** Jeff Dunlop
UNITED SITE SERVICES, INC.
118 FLANDERS RD
WESTBOROUGH, MA 01581-1035

**RE:** **Process Served in California**

**FOR:** United Site Services of California, Inc.  (Domestic State: CA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: JOSE ROBERTO TORRES ESPINOZA, an individual // To: United Site Services of California, Inc. |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # SCV270575 |
| **NATURE OF ACTION:** | Employee Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, GLENDALE, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/18/2022 at 09:38 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Matthew Schemmel<br> Matthew.Schemmel@unitedsiteservices.com |
| | Email Notification,  Liz Varga  lvarga@platinumequity.com |
| | Email Notification,  Stacy Mengel  smengel@platinumequity.com |
| | Email Notification,  JANIE ZEIDEL  jzeidel@platinumequity.com |
| | Email Notification,  Kellie Cerulli  kellie.cerulli@unitedsiteservices.com |
| | Email Notification,  Jeff Dunlop  jeff.dunlop@unitedsiteservices.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>855-844-0739<br>ServiceSolutionsTeam@wolterskluwer.com |

 CT Corporation

**Service of Process Transmittal**
04/18/2022
CT Log Number 541418339

**TO:**   Jeff Dunlop
UNITED SITE SERVICES, INC.
118 FLANDERS RD
WESTBOROUGH, MA 01581-1035

**RE:**   **Process Served in California**

**FOR:**   United Site Services of California, Inc.  (Domestic State: CA)

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                                    Mon, Apr 18, 2022
**Server Name:**                             DROP SERVICE

| Entity Served | UNITED SITE SERVICES OF CALIFORNIA INC |
|---------------|----------------------------------------|
| Case Number   | SCV270575                              |
| Jurisdiction  | CA                                     |

| Inserts | | |
|---|---|---|
| | | |



**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
**Superior Court of California**
**County of Sonoma**
**4/11/2022 11:12 AM**
Arlene D. Junior, Clerk of the Court
By: Janie Dorman, Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
UNITED SITE SERVICES OF CALIFORNIA, INC., a California corporation; and DOES 1 through 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JOSE ROBERTO TORRES ESPINOZA, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: *(Número del Caso):* |
|---|---|
| *(El nombre y dirección de la corte es):*  Superior Court of California, County of Sonoma | SCV-270575 |

600 Administration Dr.
Santa Rosa, CA 95403

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joseph Gruchawka, 725 College Ave., Santa Rosa, CA 95404, (707) 843-7085

| DATE: *(Fecha)* 4/11/2022 11:12 AM | Clerk, by | , Deputy |
|---|---|---|
| | ARLENE D. JUNIOR *(Secretario)* Janie Dorman | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* United Site Services of California, Inc.
   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courts.ca.gov |

1   Joseph Gruchawka, SBN 303548
    The Law Office of Joseph Gruchawka
2   725 College Ave.
    Santa Rosa, CA 95404
3   (707) 843-7085
    joseph@lawofficeofjg.com
4
    Attorney for Plaintiff
5   JOSE ROBERTO TORRES ESPINOZA

ELECTRONICALLY FILED
Superior Court of California
County of Sonoma
4/11/2022 11:12 AM
Arlene D. Junior, Clerk of the Court
By: Janie Dorman, Deputy Clerk

6

7

8               **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                       **FOR THE COUNTY OF SONOMA**

10

11  JOSE ROBERTO TORRES ESPINOZA, an       )  Case No.: SCV-270575
    individual,                            )
12                                         )
                       Plaintiff,          )  **COMPLAINT FOR:**
13                                         )
             vs.                           )  1)  **FAILURE TO PAY OVERTIME**
14                                         )      **COMPENSATION;**
    UNITED SITE SERVICES OF CALIFORNIA,    )  2)  **FAILURE TO PROVIDE REST**
15  INC. a California corporation; and DOES 1 )    **PERIODS;**
    through 20, inclusive,                 )  3)  **FAILURE TO PROVIDE MEAL**
16                                         )      **PERIODS;**
                                           )  4)  **FAILURE TO PROVIDE ACCURATE**
17                     Defendants.         )      **ITEMIZED WAGE STATEMENTS;**
                                           )  5)  **WILLFUL FAILURE TO PAY WAGES**
18                                         )      **TO A DISCHARGED EMPLOYEE;**
                                           )  6)  **VIOLATION OF UNAIR**
19                                             **COMPETITION LAW;**
                                           7)  **WRONGFUL TERMINATION IN**
20                                             **VIOLATION OF CAL LAB CODE §**
                                               **1197.5;**
21                                         8)  **WRONGFUL TERMINATION IN**
                                               **VIOLATION OF PUBLIC POLICY;**
22                                         9)  **FAILURE TO PRODUCE**
                                               **PERSONNEL RECORDS**
23                                         10) **FAILURE TO PRODUCE COPIES OF**
                                               **ITEMIZED WAGE STATEMENTS**
24

25

26

27

28

                              = 1 =
                            COMPLAINT

1 | Plaintiff alleges as follows:

2 | 1.  Defendant UNITED SITE SERVICES OF CALIFORNIA, INC. ('United") is, and at all
3 | times mentioned herein was, a California corporation doing business in California.

4 | 2.  Plaintiff is ignorant of the true names and capacities of those Defendants named as DOES 1
5 | through 20 (hereafter "DOE Defendants"), and for that reason has sued those Defendants by
6 | fictitious names.  Plaintiff is informed and believes, and on that basis alleges, that each of the
7 | fictitiously named Defendants is in some way liable and legally responsible for the damages and
8 | injuries set forth in this complaint.  Plaintiff will seek leave of the Court to amend this Complaint to
9 | identify these Defendants when their identities are ascertained.

10 | **I.  JURISDICTION AND VENUE**

11 | 3.  This Court has jurisdiction over all causes of action asserted in this Complaint pursuant to
12 | the California Constitution, Article VI, section 10, because this case comprises causes of action not
13 | assigned by statute to other trial courts.

14 | 4.  This Court has jurisdiction over each Defendant named in this complaint because each
15 | Defendant is a person or entity who is either domiciled in California or has sufficient minimum
16 | contacts with California so as to render the exercise of jurisdiction by the California Courts
17 | (including this court) reasonable and just, according to our nation's traditional conception of fair
18 | play and substantial justice.

19 | 5.  Venue is proper in this Court in accordance with California Code of Civil Procedure section
20 | 393 because the causes of action arose in this County.

21 | **II. FACTS COMMON TO ALL CLAIMS**

22 | 6.  In or about April 2006, Plaintiff began working for Defendant as a dispatcher in Santa Rosa,
23 | California.

24 | 7.  In 2012, Plaintiff was promoted by Defendant to account manager.  As an account manager,
25 | Plaintiff sold the rental and services of Defendant's equipment such as portable toilets, temporary
26 | fences, and restroom trailers.  As an account manager, Plaintiff did not spend more than half his
27 | working time away from Defendant's place of business, he did not hire or fire, and he did not
28 | supervise Defendant's employees.  In 2018, Plaintiff was paid a total of $60,946.00 by Defendant.

1     8. During the time he was an account manager, Plaintiff worked approximately 43 hours per

2 week on average.

3     9. On March 31, 2019, Plaintiff was promoted by Defendant to "operations supervisor". His

4 job duties included driving, delivery, facility inspection, processing payroll, approving employee

5 hours, driver inspections, gate check, onboarding new hires, training new hires, and coordinating

6 and supervising services and pickup and delivery routes.

7     10. As an "operations supervisor", Plaintiff did not hire or fire anyone, and his opinion as to

8 who to hire or fire was not given particular weight. More than half of Plaintiff's time as an

9 "operations supervisor" was spent performing physical labor such as driving and delivery.

10     11. As an "operations supervisor," Plaintiff was initially paid a salary of $1,346.16 per week,

11 which increased to $1,379.81 per week on August 18, 2019.

12     12. Unbeknownst to Plaintiff, on August 6, 2019, a first amended class action wage and hour

13 complaint was filed against Defendant (Orozco v. United Site Services of California, Inc., Superior

14 Court of California, County of Los Angeles, case No. 18STCV01830 – "Orozco v. United").

15     13. On December 15, 2019, Defendant began paying Plaintiff on an hourly basis at the rate of

16 $34.4953 per hour.

17     14. On December 19, 2019, a notice of class action settlement and exclusion request form was

18 supposedly mailed to all members of the class in Orozco v. United.

19     15. Plaintiff never received a copy of this notice, nor an opportunity to opt out of the class

20 action.

21     16. On July 1, 2020, the court in Orozco v. United approved the proposed class action

22 settlement agreement, which purportedly released claims from October 14, 2014 through November

23 12, 2019 against United Site Services of California, Inc.

24     17. On August 16, 2020, Defendant increased Plaintiff's hourly rate of pay to $35.7028 per

25 hour.

26     18. On September 25, 2020, the class action settlement payments in Orozco v. United were

27 supposedly mailed to the class members.

28     19. Plaintiff never received a class action settlement payment in Orozco v. United.

1    20. On August 1, 2021, Defendant increased Plaintiff's hourly rate of pay to $36.5953 per hour.

2    21. Throughout his time as an "operations supervisor," Plaintiff worked 60-65 hours per week,
3    seven days per week.

4    22. In spite of the fact that he was a nonexempt employee, Plaintiff was never paid for more
5    than 40 hours per week, and he was never paid an overtime premium.

6    23. Defendant knowingly and intentionally failed to provide Plaintiff with itemized wage
7    statements which accurately stated the total hours worked by Plaintiff and the number of overtime
8    hours worked.

9    24. Defendant willfully violated the Fair Labor Standards Act ("FLSA"), by, inter alia,
10   knowingly failing to pay Plaintiff for the overtime hours he worked, by failing to keep records of
11   the numerous overtime hours worked by Plaintiff, and by fabricating and understating the hours
12   worked by Plaintiff.

13   25. Defendant engaged in interstate commerce by contracting for goods and services from
14   businesses outside the State of California.

15   26. In spite of the fact that he was a nonexempt employee, Plaintiff was not provided
16   uninterrupted 30-minute meal periods, nor uninterrupted 10-minute rest periods.

17   27. On August 18, 2021, Plaintiff participated in a Zoom meeting with the CEO of Defendant
18   and operational staff. The CEO asked the operational staff to find the root cause of why Defendant
19   couldn't attract employees to come work for Defendant.  Plaintiff stated to the CEO and the
20   operational staff on the Zoom call that "You guys don't know – we know – you gotta pay more…"

21   28. After the Zoom meeting, the CEO of Defendant called the area manager.  The area manager
22   confronted Plaintiff about his comment, and asked that Plaintiff put a statement in writing.

23   29. That same day (August 18, 2021), Defendant suspended Plaintiff with pay.

24   30. On August 23, 2021, Plaintiff was terminated by Defendant.

25   31. On September 21, 2021, Plaintiff's counsel emailed and mailed a letter to Defendant
26   requesting Plaintiff's personnel records, any instrument that Plaintiff signed relating to the obtaining
27   or holding of employment with United, including but not limited to any arbitration agreement he

28

1   may have signed, and Plaintiff's itemized wage statements.  Defendant did not respond or produce

2   any documents.

3      32. Plaintiff learned about the Orozco v. United class action for the first time in or about

4   September 2021 from his attorney in this case.

5

**FIRST CAUSE OF ACTION**

6

**FAILURE TO PAY OVERTIME COMPENSATION**

7

**[California Labor Code §§ 1194, 510, 515; 29 USCS §§ 207, 216]**

8     1.  Plaintiff re-alleges each paragraph of this Complaint as though fully set forth herein.

9     2.  Plaintiff performed work for Defendants.

10     3.  Plaintiff worked overtime hours.

11     4.  Defendants knew or should have known that Plaintiff had worked overtime hours.

12     5.  Plaintiff was not paid for the overtime hours he worked.

13     6.  Plaintiff is owed at least $144,105.75 in unpaid overtime pay earned from approximately

14   April 11, 2019 to August 18, 2021, and $144,105.75 in liquidated damages.

15

**SECOND CAUSE OF ACTION**

16

**FAILURE TO PROVIDE REST PERIODS**

17

**[California Labor Code § 226.7]**

18     7.  Plaintiff re-alleges each paragraph of this Complaint as though fully set forth herein.

19     8.  Defendants failed to provide Plaintiff rest periods.

20     9.  Plaintiff is owed approximately $29,860.35 in rest period penalties accrued from

21   approximately April 11, 2019 to August 18, 2021.

22

**THIRD CAUSE OF ACTION**

23

**FAILURE TO PROVIDE MEAL PERIODS**

24

**[California Labor Code § 226.7]**

25    10. Plaintiff re-alleges each paragraph of this Complaint as though fully set forth herein.

26    11. Defendants failed to provide Plaintiff meal periods.

27    12. Plaintiff is owed approximately $21,328.82 in meal period penalties accrued from

28   approximately April 11, 2019 to August 18, 2021.

# FOURTH CAUSE OF ACTION

## FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

### [California Labor Code § 226]

13. Plaintiff re-alleges each paragraph of this Complaint as though fully set forth herein.

14. Defendants knowingly and intentionally failed to provide Plaintiff with itemized wage statements which accurately stated the total hours worked by Plaintiff and the number of overtime hours worked.

15. Plaintiff was injured by Defendants' failure to provide accurate itemized wage statements.

16. Plaintiff was issued nineteen wage statements between April 11, 2021 and the end of his employment with Defendants on August 23, 2021.

17. Plaintiff is therefore entitled to $1,900.00 in penalties, plus attorney's fees and costs.

# FIFTH CAUSE OF ACTION

## WILLFUL FAILURE TO PAY WAGES TO A DISCHARGED EMPLOYEE

### [California Labor Code § 203]

18. Plaintiff re-alleges each paragraph of this Complaint as though fully set forth herein.

19. Plaintiff's employment was terminated on August 23, 2021.

20. To date, Defendants have failed to pay all overtime wages due.

21. Defendants have willfully failed to pay all overtime wages due.

22. At the time of his termination, Plaintiff's daily wage rate including overtime owed was $333.80 per day.

23. Plaintiff is owed approximately $10,014.00 in waiting time penalties.

# SIXTH CAUSE OF ACTION

## VIOLATION OF UNAIR COMPETITION LAW

### [California Business and Professions Code § 17200 et seq.]

24. Plaintiff re-alleges each paragraph of this Complaint as though fully set forth herein.

25. Defendant engaged in unlawful and unfair business practices by failing to pay Plaintiff for all hours worked, by failing to pay overtime, by failing to provide meal periods, and by failing to provide rest periods.

1    26. Plaintiff is therefore entitled to restitution of all unpaid wages and unpaid overtime earned

2    since April 11, 2018, and all meal period penalties and rest period penalties accrued since April 11,

3    2018, totaling at least $210,319.03.

4                                **SEVENTH CAUSE OF ACTION**

5            **WRONGFUL TERMINATION IN VIOLATION OF CAL LAB CODE § 1197.5**

6                                **[California Labor Code § 1197.5]**

7        27. Plaintiff re-alleges each paragraph of this Complaint as though fully set forth herein.

8        28. On August 18, 2021, Plaintiff said to the CEO of Defendant and operational staff that his

9    coworkers were not paid enough.

10       29. In retaliation, on August 18, 2021, Defendants suspended Plaintiff with pay, and on August

11   23, 2021, Defendants discharged Plaintiff because he had discussed the wages of his coworkers.

12       30. Plaintiff did not find new work until April 2022, which is supposed to start April 13, 2022.

13   This new job is supposed to pay $90,000 per year.

14       31. Plaintiff is therefore entitled to over $77,107.80 in lost wages and benefits, and interest

15   thereon.

16                                **EIGHTH CAUSE OF ACTION**

17           **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

18       32. Plaintiff re-alleges each paragraph of this Complaint as though fully set forth herein.

19       33. Plaintiff was employed by Defendants.

20       34. Defendants discharged Plaintiff.

21       35. Plaintiff's discussion of his co-workers' wages was a substantial motivating reason for

22   Plaintiff's discharge.

23       36. Plaintiff was harmed – he lost wages as a result of the wrongful termination.

24       37. The discharge was a substantial factor in causing Plaintiff's harm.

25       38. Plaintiff worked for Defendants from April 2006 until his wrongful termination on August

26   23, 2021, and would have continued to work for Defendants for an additional twenty-eight years

27   had he not been wrongfully terminated.

28

39. Plaintiff did not find new work until April 2022 and his new job will only pay $90,000 per year.

40. Plaintiff is therefore entitled to over $77,107.80 in lost earnings from August 23, 2021 to April 12, 2022, and over $815,663.40 in lost future earnings from April 12, 2022 to August 21, 2049.

## NINTH CAUSE OF ACTION

### FAILURE TO PRODUCE PERSONNEL RECORDS

**[California Labor Code § 1198.5]**

41. Plaintiff re-alleges each paragraph of this Complaint as though fully set forth herein.

42. On September 21, 2021, Plaintiff was a former employee of Defendant.

43. On September 21, 2021, Plaintiff's representative submitted a written request via email and U.S. mail to Defendant to inspect and receive a copy of his personnel records.

44. The written request was received by Defendant on September 21, 2021.

45. To date, Defendant has failed to provide Plaintiff a copy of the personnel records that Defendant maintains relating to Plaintiff's performance or to any grievance concerning Plaintiff.

## TENTH CAUSE OF ACTION

### FAILURE TO PRODUCE COPIES OF ITEMIZED WAGE STATEMENTS

**[California Labor Code § 226(c)]**

46. Plaintiff re-alleges each paragraph of this Complaint as though fully set forth herein.

47. On September 21, 2021, Plaintiff was a former employee of Defendant.

48. On September 21, 2021, Plaintiff submitted a written request via email and U.S. mail to Defendant to inspect and receive a copy of his itemized wage statements.

49. To date, Defendant has failed to provide Plaintiff a copy of his itemized wage statements.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for the following relief against all Defendants:

**As to the first cause of action:**

1. At least $144,105.75 in unpaid overtime pay earned from approximately April 11, 2019 to August 18, 2021.

2. At least $144,105.75 in liquidated damages, as provided for by 29 USCS § 216;

3. Attorney's fees and costs, as provided for by California Labor Code section 1194 and 29 USCS § 216;

4. Interest at the rate of ten percent per annum pursuant to California Labor Code sections 218.6 and 1194; and

5. Such other and further relief as the Court deems just and proper.

**As to the second cause of action:**

6. At least $29,860.35 in rest period penalties accrued from approximately April 11, 2019 to August 18, 2021.

7. Interest at the rate of ten percent per annum pursuant to California Civil Code section 3288;

8. Costs of suit; and

9. Such other and further relief as the Court deems just and proper.

**As to the third cause of action:**

10. At least $21,328.82 in meal period penalties accrued from approximately April 11, 2019 to August 18, 2021.

11. Interest at the rate of ten percent per annum pursuant to California Civil Code section 3288;

12. Costs of suit; and

13. Such other and further relief as the Court deems just and proper.

**As to the fourth cause of action:**

14. At least $1,900.00 in wage statement penalties accrued since April 11, 2021;

15. Attorney's fees and costs, as provided for by California Labor Code section 226;

16. Interest at the rate of ten percent per annum pursuant to California Civil Code section 3288; and

1    17. Such other and further relief as the Court deems just and proper.

2  **As to the fifth cause of action:**

3    18. At least $10,014.00 in waiting time penalties;

4    19. Costs of suit;

5    20. Interest at the rate of ten percent per annum pursuant to California Civil Code section 3288;

6        and

7    21. Such other and further relief as the Court deems just and proper.

8  **As to the sixth cause of action:**

9    22. At least $210,319.03 in restitution for unpaid wages and unpaid overtime earned since April

10       11, 2018, and meal period penalties and rest period penalties accrued since April 11, 2018;

11    23. Costs of suit;

12    24. Interest pursuant to California Civil Code section 3288; and

13    25. Such other and further relief as the Court deems just and proper.

14  **As to the seventh cause of action:**

15    26. Over $77,107.80 in lost wages and benefits, and interest thereon, as provided for by

16        California Labor Code section 1197.5(k)(2); and

17    27. Such other and further relief as the Court deems just and proper.

18  **As to the eighth cause of action:**

19    28. Over $77,107.80 in lost earnings from August 23, 2021 to April 12, 2022, and over

20        $815,663.40 in lost future earnings from April 13, 2022 to August 21, 2049;

21    29. Prejudgment interest; and

22    30. Such other and further relief as the Court deems just and proper.

23  **As to the ninth cause of action:**

24    31. A $750 penalty as provided for by California Labor Code section 1198.5(k);

25    32. A court order that Defendant produce a copy of Plaintiff's personnel records;

26    33. Attorney's fees and costs, as provided for by California Labor Code section 1198.5(l);

27    34. Interest pursuant to California Civil Code section 3288; and

28    35. Such other and further relief as the Court deems just and proper.

**As to the tenth cause of action:**

36. A $750 penalty as provided for by California Labor Code section 226(f);

37. A court order that Defendant produce a copy of Plaintiff's itemized wage statements;

38. Attorney's fees and costs, as provided for by California Labor Code section 226(h);

39. Interest pursuant to California Civil Code section 3288; and

40. Such other and further relief as the Court deems just and proper.

DATED: April 11, 2022

Attorney for Plaintiff JOSE
ROBERTO TORRES ESPINOZA

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA<br>CIVIL DIVISION<br>600 ADMINISTRATION DRIVE, ROOM 107-J<br>SANTA ROSA, CALIFORNIA 95403-2878<br>(707) 521-6500<br>http://www.sonoma.courts.ca.gov<br><br>Torres Espinoza vs United Site Services of California, Inc. | (FOR COURT USE ONLY)<br><br>**F I L E D**<br><br>APR 1 1 2022<br><br>Clerk of the Superior Court of California<br>County of Sonoma<br>By_____ Deputy Clerk |
| --- | --- |
| **NOTICE OF ASSIGNMENT TO ONE JUDGE FOR ALL PURPOSES,**<br>**NOTICE OF CASE MANAGEMENT CONFERENCE,**<br>**and ORDER TO SHOW CAUSE** | Case number:<br><br>SCV-270575 |

**A COPY OF THIS NOTICE MUST BE SERVED WITH THE SUMMONS AND COMPLAINT**
**AND WITH ANY CROSS-COMPLAINT**

1. **THIS ACTION IS ASSIGNED TO HON. GARY NADLER  FOR ALL PURPOSES.**
Pursuant to California Rules of Court, Rule 2.111(7), the assigned judge's name must appear below the number of the case and the nature of the paper on the first page of each paper presented for filing.

2. EACH DEFENDANT MUST FILE A WRITTEN RESPONSE TO THE COMPLAINT AS REQUIRED BY THE SUMMONS.
    A Case Management Conference has been set at the time and place indicated below:

| Date:  Thursday, 08/11/2022 | Time:  3:00 PM | Courtroom 19 |
| --- | --- | --- |
| Location: 3055 Cleveland Avenue, Santa Rosa, CA 95403 | | |

3.  No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement [Judicial Council form #CM-110] and serve it on all other parties in the case.  In lieu of each party's filing a separate case management statement, any two or more parties may file a joint statement.

4.  At the conference, counsel for each party and each self-represented party must appear personally or by telephone [California Rules of Court, Rule 3.670(c)(2)]; must be familiar with the case; and must be prepared to discuss and commit to the party's position on the issues listed in California Rules of Court, Rule 3.727.

5.  Pre-approved dispositions are recorded three (3) court days prior to the case management conference.  These may be obtained by calling (707) 521-6883 or by going to http://sonoma.courts.ca.gov/online-services/tentative-rulings.

**ORDER TO SHOW CAUSE**

To Plaintiff(s), Cross-complainants, and/or their attorneys of record:
If, on the date shown above, you are not in compliance with the requirements stated in the California Rules of Court, rules 2.30, 3.110, and/or 3.720 through 3.771 inclusive, you must then and there show cause why this court should not impose monetary and/or terminating sanctions in this matter.

Pursuant to California Rule of Court, rule 3.221(b), information and forms related to Alternative Dispute Resolution are available on the Court's website at http://www.sonoma.courts.ca.gov/self-help/adr.

## ELECTRONIC SERVICE OF DOCUMENTS
### Enabled by Local Rule 18.16

Voluntary e-service is available in Sonoma County. The Court has pre-approved a Stipulation for cases in which the attorneys or parties choose e-service. A copy of the Stipulation is available under the "Civil" section in the "Division" tab of the Court website: http://www.sonoma.courts.ca.gov. The advantages of e-service to the parties include:

| | |
|---|---|
| **SAVE MONEY** | Reduction in costs related to photocopying, retrieving, storing, messenger and postage fees. No special software is needed to use e-service |
| **SAVE TIME** | Instant service of your documents on all parties |
| **SAVE SPACE** | With 24/7 internet access to all documents, you do not need to house paper copies |
| **GAIN CERTAINTY** | Immediate confirmation of service for your records. Documents are not delayed in the mail or blocked by email spam blockers and firewalls |

To take advantage of e-service, select an e-service provider and file the signed Stipulation with the Court. Parties can then e-serve documents through the selected provider. Information about e-service providers is available at the website for the Sonoma County Bar Association: http://www.sonomacountybar.org. The Court does not endorse one provider over another.

**To learn more about available e-service providers and their fees, please visit their website**

*Note: Hard-copy pleadings are required to be filed with the Court in accordance with applicable provisions of the Code of Civil Procedure, California Rules of Court and local rules. You do not need to provide a courtesy copy of a served document to the specific department in which the matter has been assigned.*

## DISCOVERY FACILITATOR PROGRAM

Effective January 1, 2008, the Sonoma County Superior Court promulgated Sonoma County Local Rule 4.14 which established the Discovery Facilitator Program. Participation in the Discovery Facilitator Program shall be deemed to satisfy a party's obligation to meet and confer under Sonoma County Local Rule 5.5 and applicable provisions of the Code of Civil Procedure and California Rules of Court. This program has been providing assistance in resolving discovery disputes and reducing the backlog of matters on the law and motion calendars in our civil law departments. The Sonoma County Superior Court encourages all attorneys and parties to utilize the Discovery Facilitator Program in order to help resolve or reduce the issues in dispute whether or not a discovery motion is filed.

There is a link to Local Rule 4.14 and the list of discovery facilitator volunteers on the official website of the Sonoma County Superior Court at http://www.sonoma.courts.ca.gov. On the home page, under the "AVAILABLE PROGRAMS & HELP" section, click on »Discovery Facilitator Program. You can then click on either "Local Rule 4.14" to obtain the language of the local rule, or "List of Facilitators" for a list of the volunteer discovery facilitators and accompanying contact and biographical information.

**Pursuant to Local Rule 5.1.C**:

The moving party shall, on the date of filing, hand-deliver to the Assigned Judge a courtesy copy, which need not be file-endorsed, of any motion filed. The responding party shall, on the date of filing, hand-deliver to the Assigned Judge a courtesy copy, which need not be file-endorsed, of all opposition papers. Finally, the moving party shall, on the date of filing, hand-deliver to the Assigned Judge a courtesy copy, which need not be file-endorsed, of all reply papers.

**Pursuant to Local Rule 5.1.C.1**:

If any matter scheduled on the law and motion calendar is resolved, dismissed, settled or becomes moot for any reason, the moving party shall immediately notify the judicial assistant for the Assigned Judge if the motion is to be dropped from the law and motion calendar. Said notification may be made by telephone, followed by a letter of confirmation.



# Superior Court of California County of Sonoma

Shelly J. Averill
Presiding Judge

ACCESS, SERVICE, JUSTICE

Arlene D. Junior
Court Executive Officer

March 30, 2022

## NOTICE OF AVAILABILITY OF COURT-PROVIDED COURT REPORTERS

### CHANGES TO POLICY REGARDING NORMAL AVAILABILITY AND UNAVAILABILITY OF OFFICIAL COURT REPORTERS

Due to court reporter staffing shortages, the Sonoma County Superior Court is amending its policy for normal availability and unavailability of official court reporters in family law cases, and effective April 18, 2022, official court reporters will no longer be available for Family Law matters except as mandated for requests to withdraw consent to an adoption, child testimony in chambers, petitions to free a minor from parental care and control and contempt actions.

The Sonoma County Superior Court's policy regarding the normal availability of official court reporters will be as follows:

Effective April 18, 2022, official court reporters will normally be available in felony criminal cases and juvenile delinquency and juvenile dependency matters during regular court hours. Official court reporters will normally not be available in civil matters (with the exception of Lanterman-Petris Short Act matters) family law matters, except as set forth above, or probate matters.

The Sonoma County Superior Court, at its sole discretion, may provide electronic recording services in infraction and misdemeanor proceedings.

A party who has been granted a waiver of court fees and costs may request the services of an official court reporter for a proceeding for which a reporter is not normally available and for which electronic recording is not provided. Information on how to submit a request is available on the court's website.

The court's revised Policy Regarding Normal Availability and Unavailability of Official Court Reporters will be available on the court's website on April 18, 2022.

THE SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SONOMA

## ADR – ALTERNATIVE DISPUTE RESOLUTION
Location: Civil and Family Law Courthouse, 3055 Cleveland Avenue, Santa Rosa CA 95403

## Types of ADR - Alternative Dispute Resolution

**MEDIATION:** Mediation is one of the most frequently used methods of ADR because it is informal, quick, convenient and confidential. In this process the parties select a neutral mediator who facilitates the identification of issues and areas of agreement and assists in finding a resolution or settlement of the dispute. Since mediation requires the agreement of the parties to resolve the matter, control of the proceedings and a determination of the settlement terms remains completely in the parties hands. The mediator remains neutral and assists the parties in arriving at terms that are mutually agreeable.

**ARBITRATION:** The parties jointly employ a neutral third party or a panel of neutrals to listen to both sides and render a decision. The parties are free to make the arbitrator"s decision binding or non-binding. When non-binding, the arbitrator"s decision serves as guide or influence upon the parties to bring them closer to settlement. If it is binding, the decision of the arbitrator will be final and generally avoids any further proceedings in the case. Non-binding judicial arbitration may be ordered in certain cases before trial.

**EARLY NEUTRAL EVALUATION:** A neutral evaluator is hired by the parties to give an evaluation of the case to help settle it. You or your attorney will be permitted to prepare a written statement, present critical witnesses or other evidence, argue your case to the evaluator, meet separately and confidentially with the evaluator, and utilize the evaluator to communicate any settlement offers to the opposing party.

**PRIVATE SETTLEMENT CONFERENCE:** A voluntary settlement conference is similar to early neutral evaluation in that the parties employ a neutral settlement officer who attempts to persuade the parties to accept a compromise position. It is a form of facilitated negotiation in which the settlement officer may express an opinion about the value of the case, the substantive merits of each party's position, and the probable outcome of the trial.

---

**SONOMA COUNTY SUPERIOR COURT ADR FORMS**

CV-2 Alternative Dispute Resolution Information Sheet *Fillable

Case 3:22-cv-02792-JCS   Document 1-2   Filed 05/11/22   Page 25 of 40

CV-7 Stipulation and Order Referring Matter to Alternative Dispute Resolution *Fillable

CV-35 Notice Of Selection As Mediator In Court-Connected Mediation *Fillable

CV-37 Attorney Questionnaire *Fillable (Confidential)

CV-38 Party Questionnaire *Fillable (Confidential)

CV-39 Non-Party Participant Questionnaire (Confidential)

ADR-100 Statement of Agreement or Nonagreement *Fillable

ADR-107 Attendance Sheet for Court-Program Mediation of Civil Case *Fillable

---

**FOR INFORMATION ON COMMUNITY MEDIATION**

---

**RECOURSE**

2455 Bennett Valley Road, Suite B 107

Santa Rosa, CA 95404

**(707) 525-8545**

© 2022 Superior Court of Sonoma County

# EXHIBIT B

ROBERT S. BLUMBERG, Bar No. 161649
rblumberg@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, California 90067.3107
Telephone:   310.553.0308
Fax No.:   310.553.5583

YESENIA GARCIA PEREZ, Bar No. 264880
ygarciaperez@littler.com
LITTLER MENDELSON P.C.
Treat Towers
1255 Treat Boulevard, Suite 600
Walnut Creek, California 94597
Telephone:   925.932.2468
Fax No.:   925.946.9809

Attorneys for Defendant
UNITED SITE SERVICES OF CALIFORNIA, INC.

**ELECTRONICALLY FILED**
**Superior Court of California**
**County of Sonoma**
**5/10/2022 3:50 PM**
**Arlene D. Junior, Clerk of the Court**
**By: Griselda Zavala, Deputy Clerk**

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SONOMA

| | |
|---|---|
| JOSE ROBERTO TORRES ESPINOZA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>UNITED SITE SERVICES OF CALIFORNIA, INC. a California corporation; and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. SCV-270575<br><br>**DEFENDANT UNITED SITE SERVICES OF CALIFORNIA, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES**<br><br>Complaint Filed:   April 11, 2022<br>Trial Date:   Not Set |

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

Case No. SCV-270575

DEFENDANTS' ANSWER TO COMPLAINT

Defendant UNITED SITE SERVICES OF CALIFORNIA, INC. ("Defendant") hereby answers Plaintiff JOSE ROBERTO TORRES ESPINOZA's ("Plaintiff") Unverified Complaint as follows:

## GENERAL DENIAL

Pursuant to section 431.30(d) of the California Code of Civil Procedure, Defendant hereby generally denies each and every allegation in the Complaint, and further denies that Plaintiff has been damaged in any sum or at all.

Given the conclusory nature of the Complaint, Defendant hereby reserves its right to amend or supplement its Answer upon further investigation and discovery of facts supporting its defenses.

## AFFIRMATIVE DEFENSES

Defendant further asserts the following affirmative defenses. In so doing, Defendant does not concede that it has the burden of production or proof as to any affirmative defense asserted below. Further, Defendant does not presently know all the facts concerning the conduct of Plaintiff to sufficiently state all affirmative defenses at this time. Accordingly, Defendant reserves the right to seek leave of this Court to amend this Answer should it later discover facts demonstrating the existence of additional affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each cause of action alleged therein, is barred, in whole or in part, because they fail to state facts sufficient to constitute any claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Estoppel)

2.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each cause of action alleged therein, is barred, in whole or in part, by the equitable doctrine of estoppel and/or judicial estoppel.

//

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

2.                                    Case No. SCV-270575

DEFENDANTS' ANSWER TO COMPLAINT

## THIRD AFFIRMATIVE DEFENSE

### (Laches)

3.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each cause of action alleged therein, is barred, in whole or in part, by the equitable doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

### (Consent)

4.     As a separate and distinct affirmative defense, Defendant alleges, that the Complaint, and each cause of action alleged therein, is barred, in whole or in part, by the equitable doctrine of consent.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

5.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each cause of action alleged therein, is barred, in whole or in part, by the equitable doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

6.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each cause of action alleged therein, is barred, in whole or in part, by the avoidable consequences doctrine.

## SEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

7.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each cause of action alleged therein, is barred, in whole or in part, by the equitable doctrine of waiver.

## EIGHTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

8.     As a separate and distinct affirmative defense, Defendant alleges that the

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

3.                                    Case No. SCV-270575

DEFENDANTS' ANSWER TO COMPLAINT

Complaint, and each cause of action alleged therein, is barred, in whole or in part, by the applicable statute(s) of limitation, including without limitation, Civil Procedure sections 338; 340 and 343, California Labor Code section 203(b), California Business and Professions Code section 17208, and 29 USC §255(a).

### NINTH AFFIRMATIVE DEFENSE

### (No Unlawful or Retaliatory Motive)

9.      As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each cause of action alleged therein, is barred, in whole or in part, because, if any unlawful discriminatory or retaliatory motive existed in connection with any employment decision involving Plaintiff (which Defendant denies), any and all claims for damages are nevertheless barred because such employment decision would have been the same even without any such unlawful discriminatory or retaliatory motive.

### TENTH AFFIRMATIVE DEFENSE

### (Failure to Take Breaks Provided and Authorized)

10.      As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and the causes of action contained therein seeking premium payment for meal and/or rest period violations, are barred because Plaintiff has  no right to a premium payment under California Labor Code section 226.7 because he was properly classified as an exempt employee, and to the extent, if any, that Plaintiff did not take any meal and/or rest break, the failure was because Plaintiff: (1) failed to take breaks that were provided to him in compliance with California law; (2) chose not to take rest breaks that were authorized and permitted; or (3) waived his right to meal breaks under California Labor Code section 512(a).

### ELEVENTH AFFIRMATIVE DEFENSE

### (No Injury – Labor Code § 226)

11.      As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and Plaintiff's claim for alleged violation of California Labor Code section 226(a) is barred because Plaintiff has not suffered any injury from any alleged failure by Defendant to comply with California Labor Code section 226(a).

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

4.

Case No. SCV-270575

DEFENDANTS' ANSWER TO COMPLAINT

**TWELFTH AFFIRMATIVE DEFENSE**

**(Alleged Wages Statement Violations Not Knowing or Intentional)**

12.     As a separate and distinct affirmative defense, Defendant alleges that any claims for penalties pursuant to Labor Code section 226 are barred, in whole or in part, because Defendant's alleged failure to comply with California Labor Code section 226(a) was not a knowing and intentional failure under California Labor Code section 226(e).

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Aspects of Compensation Excluded from Overtime Calculation)**

13.     As a separate and distinct affirmative defense, Defendant alleges that to the extent Plaintiff is entitled to overtime payments, there must be excluded from the calculation of any overtime rate of pay which may be found to be due those aspects of Plaintiff's compensation that are excluded from the regular rate of pay.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Internal Remedies/Administrative Remedies)**

14.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action alleged therein, are barred, in whole or in part, because Plaintiff failed to exhaust administrative remedies and/or appropriate internal remedies as required by Defendant's employment policies.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Bad Faith/Frivolous Claims)**

15.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each cause of action alleged therein, are barred, in whole or in part, to the extent that they are unreasonable and/or filed in bad faith and/or frivolous in nature.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(No Willful or Intentional Failure to Pay)**

16.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and the claim for alleged penalties for failure to pay wages at the time of termination, is barred because, even assuming, *arguendo*, that Plaintiff is entitled to additional wages, Defendant

acted in good faith and did not willfully or intentionally fail to pay any such additional compensation.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (*Bone Fide* Dispute)

17.    As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each cause of action alleged therein, is barred, in whole or in part, because there exists a *bona fide* dispute as to whether further compensation is actually due to Plaintiff and, if so, as to the amount of such further compensation.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Plaintiff's Breach of Duties)

18.    As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each cause of action alleged therein, are barred, in whole or in part, by Plaintiff's own breach of duties owed to Defendant under California Labor Code sections 2854, 2856, and/or 2857.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Collateral Estoppel/Res Judicata)

19.    As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each cause of action  alleged therein, is barred, in whole or in part, by the doctrines of collateral estoppel and/or res judicata.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

20.    As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each cause of action alleged therein, is barred, in whole or in part, by the doctrine of unjust enrichment.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Release)

21.    As a separate and distinct affirmative defense, Defendant alleges, that the Complaint, and each cause of action alleged therein, is barred, in whole or in part, to the extent that

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

6.

Case No. SCV-270575

DEFENDANTS' ANSWER TO COMPLAINT

Plaintiff knowingly and voluntarily settled, compromised, and released claims alleged in this lawsuit.

### TWENTY-SECOND AFFIRMATIVE DEFENSE)

#### (Applicable Exemptions)

22.     As a separate and distinct affirmative defense to the Complaint, Defendant alleges that Plaintiff's Complaint and the first through sixth causes of action contained therein, are barred because Plaintiff was properly classified as exempt from the payment of overtime compensation and the provision of rest and meal periods pursuant to the administrative and/or executive exemptions arising under the Fair Labor Standards Act, California Labor Code, applicable Wage Order(s) and all applicable regulations, taking into account appropriate tacking of exemptions.

### TWENTY-THIRD AFFIRMATIVE DEFENSE)

#### (No Effect of Employees' Acts or Omissions on Benefits of Exemption)

23.     As a separate affirmative defense to the Complaint, Defendant alleges that to the extent that the duties of Plaintiff were not performed in the manner directed by Defendant, such acts or omissions cannot deprive Defendant of the benefit of the exemption pursuant to *Ramirez v. Yosemite Water Co.*, 20 Cal. 4th 785 (1999).

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

#### (Failure to Comply with Reasonable Expectations)

24.     As a separate and affirmative defense to the Complaint, and the first through sixth causes of action contained therein, Defendant alleges that the reasonable expectations of Plaintiff's position was supervisory, and to the extent Plaintiff is found to have not met the requirements for the exemption, it is due to his failure to meet the reasonable expectations of his employer, he is not eligible for overtime compensation.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

#### (Actions by Agents Outside the Scope of Authority )

25.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each cause of action alleged therein, are barred, in whole or in part, because if employees of Defendant (including Plaintiff) took actions alleged, such actions were committed

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

7.

Case No. SCV-270575

DEFENDANTS' ANSWER TO COMPLAINT

outside of the scope of such employee's employment, were not authorized, adopted or ratified by Defendant and Defendant did not know of nor should it have known of such conduct.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Offset)

26.    As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each cause of action alleged therein, is barred, in whole or in part, because to the extent Plaintiff is entitled to any additional compensation, such additional compensation must be offset by the amount of any compensation and/or other monies Plaintiff received from Defendant, at any time, in excess of the amount of compensation to which he was legally entitled for work performed.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Claims Unconstitutionally Vague and Ambiguous)

27.    As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each cause of action alleged therein, are barred, in whole or in part, because the applicable Wage Orders of the Industrial Welfare Commission and California Business and Professions Code section 17200 *et seq*., are unconstitutionally vague and ambiguous and violate Defendant's rights under the United States Constitution and the California Constitution as to, among other things, due process of law.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (No Prejudgment Interest)

28.    As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each cause of action alleged therein, is barred, in whole or in part, because the Complaint fails to properly state a claim upon which prejudgment interest may be awarded, as the damages claimed are not sufficiently certain to allow an award of prejudgment interest.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (No Attorneys' Fees)

29.    As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each cause of action alleged therein, is barred, in whole or in part, because the

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

8.

Case No. SCV-270575

DEFENDANTS' ANSWER TO COMPLAINT

Complaint fails to state a claim for which attorneys' fees and costs may be granted.

### THIRTIETH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

30.   As a separate and distinct affirmative defense, Defendant alleges on the belief that further discovery may disclose facts supporting this affirmative defense, that to the extent during the course of this litigation it acquires any evidence of wrongdoing by Plaintiff, which would have materially affected the terms and conditions of Plaintiff's employment or would have resulted in Plaintiff being either demoted, disciplined, or terminated, such after-acquired evidence shall bar Plaintiff's claims on liability or damages and shall reduce such claims as provided by law.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

31.   As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each cause of action alleged therein, is barred, in whole or in part, to the extent Plaintiff failed to mitigate his damages, including by limiting the hours of work, taking meal and rest breaks, and seeking alternative employment following his termination.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Workers' Compensation Preemption)

32.   As a separate and affirmative defense to the Complaint, and the seventh and Eighth causes of action contained therein, Defendant alleges that Plaintiff's claims, damages, and/or injuries are preempted by the exclusive remedy provisions of the California Workers' Compensation Act, California Labor Code §§ 3600 and 3601 *et. seq*., because Plaintiff's alleged injuries have been proximately caused by his employment with Defendant and, therefore, the Court lacks subject matter jurisdiction over such claims.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Substantial Compliance)

33.   As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each cause of action alleged therein, is barred, in whole or in part, because Defendant substantially complied with the applicable laws, statutes, regulations, and applicable

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

9.

Case No. SCV-270575

DEFENDANTS' ANSWER TO COMPLAINT

Wage Orders.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Did Not Contravene Established Public Policy)

34.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and the seventh and eighth causes of action alleged therein, are barred, in whole or in part, because Defendant did not contravene any established public policy.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Business Necessity, Lawful Business Reason, And / Or Legitimate Business Purpose)

35.     As a separate and distinct affirmative defense, Defendant alleges on the belief that further discovery may disclose information supporting such affirmative defense, and without admitting that it engaged in any of the acts or omissions alleged in the Complaint, that any such acts or omissions were undertaken by reason of business necessity, for lawful business reasons, and/or for legitimate business purposes which were necessary to the efficient operation of the business.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Unconstitutionality of Business and Professions Code Section 17200)

36.     As a separate and affirmative defense to the Complaint, Defendant alleges that California Business and Professions Code Section 17200 *et seq.* is unconstitutionally vague and overbroad in the manner in which Plaintiff claims, and thus constitutes a violation of Defendant's right to due process.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Unconstitutionality of Punitive Damages)

37.     As a separate and distinct affirmative defense to the Complaint, and the seventh and eighth causes of action contained therein, Defendant alleges that Plaintiff is not entitled to recover punitive damages because the imposition of such damages violates the United States and California Constitutions, in that: (1) such damages are so punitive in purpose and effect as to constitute a criminal penalty, entitling Defendant to rights to be given to defendants in criminal proceedings under the United States and California Constitutions; (2) such damages constitute an impermissible restriction on speech and a violation of the First Amendment of the United States

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

10.

Case No. SCV-270575

DEFENDANTS' ANSWER TO COMPLAINT

Constitution; (3) the imposition of such damages would violate Defendant's rights to due process and/or equal protection under the law, under the United States and California Constitutions; and/or (4) the California punitive damages statute is unconstitutional in that it imposes an undue burden on interstate commerce.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

#### (Failure to State Sufficient Facts for Punitive Damages)

38.     As a separate and affirmative defense to the Complaint, and the seventh and eighth causes of action contained therein,, Defendant alleges that Plaintiff is not entitled to recover any punitive damages because the Complaint and each non-wage claim set forth therein fail to plead facts sufficient to support the recovery of punitive damages under California Civil Code section 3294.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

#### (Reservation of Defenses)

39.     Defendant alleges that it has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, separate affirmative defenses available. Defendant reserves the right to amend this Answer to add, delete, or modify defenses based upon legal theories that may or will become apparent through clarification of Plaintiff's Complaint, through discovery or through further legal analysis of Plaintiff's position in this litigation.

### PRAYER FOR RELIEF

WHEREFORE, Defendant prays that:

1.     Plaintiff takes nothing by way of the Complaint;

2.     The Court dismiss the Complaint and each claim for relief in its entirety with prejudice;

3.     The Court deny Plaintiff each and every demand and prayer for relief contained in the Complaint;

4.     The Court award to Defendant its costs of suit incurred herein, including reasonable attorneys' fees and costs, as and where permitted under California law; and

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

11.     Case No. SCV-270575

DEFENDANTS' ANSWER TO COMPLAINT

5.     The Court grant other and further relief as it deems just and equitable.

Dated:  May 10, 2022

_____
ROBERT S. BLUMBERG
YESENIA GARCIA PEREZ
LITTLER MENDELSON, P.C.
Attorneys for Defendant
UNITED SITE SERVICES OF
CALIFORNIA, INC.

4869-6715-6255.2 / 085713-1061

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

12.                                    Case No. SCV-270575
DEFENDANTS' ANSWER TO COMPLAINT

**POS-040**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY:   STATE BAR NO: 161649; 264880<br>NAME: ROBERT S. BLUMBERG; YESENIA GARCIA PEREZ<br>FIRM NAME: LITTLER MENDELSON, P.C.<br>STREET ADDRESS: 2049 Century Park East, 5th Floor<br>CITY: Los Angeles                    STATE: CA    ZIP CODE: 90067.3107<br>TELEPHONE NO.: 310.553.0308        FAX NO. :<br>E-MAIL ADDRESS: 310.553.5583<br>ATTORNEY FOR (name): Defendant UNITED SITE SERVICES OF CALIFORNIA, INC. | *FOR COURT USE ONLY*<br><br>**ELECTRONICALLY FILED**<br>**Superior Court of California**<br>**County of Sonoma**<br>**5/10/2022 3:50 PM**<br>**Arlene D. Junior, Clerk of the Court**<br>**By: Griselda Zavala, Deputy Clerk** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA
STREET ADDRESS: 600 Administration Dr.
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Rosa 95403
BRANCH NAME:

| | |
|---|---|
| Plaintiff/Petitioner: JOSE ROBERTO TORRES ESPINOZA<br><br>Defendant/Respondent: UNITED SITE SERVICES OF CALIFORNIA, INC, et al. | CASE NUMBER:<br>SCV-270575 |
| | JUDICIAL OFFICER: |
| **PROOF OF SERVICE—CIVIL**<br>**Check method of service** *(only one):*<br>☐ By Personal Service   ☒ By Mail   ☐ By Overnight Delivery<br>☐ By Messenger Service   ☐ By Fax | DEPARTMENT: |

*Do not use this form to show service of a summons and complaint or for electronic service.*
*See USE OF THIS FORM on page 3.*

1. At the time of service I was over 18 years of age **and not a party to this action.**

2. My residence or business address is:
   1255 Treat Boulevard, Suite 600, Walnut Creek, CA 94597

3. ☐  The fax number from which I served the documents is *(complete if service was by fax):*

4. On *(date):* May 10, 2022      I served the following **documents** *(specify):*
   DEFENDANT UNITED SITE SERVICES OF CALIFORNIA, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO
   PLAINTIFF'S COMPLAINT FOR DAMAGES
   ☐  The documents are listed in the *Attachment to Proof of Service-Civil (Documents Served)* (form POS-040(D)).

5. I served the documents on the **person or persons** below, as follows:
   a.  Name of person served: Joseph Gruchawka/The Law Office of Joseph Gruchawka
   b. ☒      *(Complete if service was by personal service, mail, overnight delivery, or messenger service.)*
      Business or residential address where person was served:
      725 College Ave. Santa Rosa, CA 95404 (707) 843-7085
   c. ☐      *(Complete if service was by fax.)*
      Fax number where person was served:

   ☐  The names, addresses, and other applicable information about persons served is on the *Attachment to Proof of Service—*
      *Civil (Persons Served)* (form POS-040(P)).

6. The documents were served by the following means *(specify):*
   a. ☐  **By personal service.** I personally delivered the documents to the persons at the addresses listed in item 5. (1) For a
         party represented by an attorney, delivery was made (a) to the attorney personally; or (b) by leaving the documents at the
         attorney's office, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an
         individual in charge of the office; or (c) if there was no person in the office with whom the notice or papers could be left, by
         leaving them in a conspicuous place in the office between the hours of nine in the morning and five in the evening. (2) For
         a party, delivery was made to the party or by leaving the documents at the party's residence with some person not
         younger than 18 years of age between the hours of eight in the morning and eight in the evening.

---

Form Approved for Optional Use
Judicial Council of California
POS-040 [Rev. January 1, 2020]

**PROOF OF SERVICE—CIVIL**
**(Proof of Service)**

Code of Civil Procedure, §§ 1011, 1013, 1013a,
2015.5; Cal. Rules of Court, rule 2.306
*www.courts.ca.gov*


American LegalNet, Inc.
www.FormsWorkFlow.com

POS-040

| CASE NAME:<br>JOSE ROBERTO TORRES ESPINOZA v. UNITED SITE SERVICES OF CALIFORNIA, INC. et al. | CASE NUMBER:<br>SCV-270575 |
|---|---|

6. b.  ☒  **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 5 and *(specify one):*

(1)  ☐  deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

(2)  ☒  placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at *(city and state):* Walnut Creek, CA

c.  ☐  **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 5. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d.  ☐  **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 5 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

e.  ☐  **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 5. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: May 10, 2022

Monique Kenner
_____
(TYPE OR PRINT NAME OF DECLARANT)

▶  *Monique Kenner*
_____
(SIGNATURE OF DECLARANT)

*(If item 6d above is checked, the declaration below must be completed or a separate declaration from a messenger must be attached.)*

**DECLARATION OF MESSENGER**

☐  **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made (a) to the attorney personally; or (b) by leaving the documents at the attorney's office, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office; or (c) if there was no person in the office with whom the notice or papers could be left, by leaving them in a conspicuous place in the office between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and eight in the evening.

At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

I served the envelope or package, as stated above, on *(date):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(NAME OF DECLARANT)

▶
_____
(SIGNATURE OF DECLARANT)

**PROOF OF SERVICE—CIVIL**
**(Proof of Service)**

American LegalNet, Inc.
www.FormsWorkFlow.com